1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ERIC BUENAFE,

11          Plaintiff,              No. CIV S-07-0197 WBS DAD P

12      vs.

13   KARINA PURCELL, et al.,

14          Defendants.            ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  On January 22, 2007, plaintiff and

17   eleven other pretrial detainees confined in the Solano County Jail filed a complaint seeking relief

18   pursuant to 42 U.S.C. § 1983.  On January 31, 2007, this court found that each plaintiff should

19   proceed separately on his own claims.  The court granted each plaintiff thirty days leave to file an

20   amended complaint and to pay the $350.00 filing fee or file a properly completed application to

21   proceed in forma pauperis.  The plaintiff has filed an amended complaint and submitted an in

22   forma pauperis application.

23          Plaintiff's informa pauperis application makes the showing required by 28 U.S.C.

24   § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

25          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

26   28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is

1

1  currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  See 28

2  U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of

3  the preceding month's income credited to plaintiff's jail trust account.  These payments shall be

4  collected and forwarded by the appropriate agency to the Clerk of the Court each time the

5  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C.

6  § 1915(b)(2).

7          The court is required to screen complaints brought by prisoners seeking relief

8  against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

9  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

10  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

11  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

12  U.S.C. § 1915A(b)(1) & (2).

13          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

14  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

15  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

16  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

17  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

18  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

19  Cir. 1989); Franklin, 745 F.2d at 1227.

20          A claim should be dismissed for failure to state a claim upon which relief may be

21  granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the

22  claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing

23  Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651

24  F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must

25  accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees,

26  425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable

1  to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S.

2  411, 421 (1969).

3          The Civil Rights Act under which this action was filed provides as follows:

4          Every person who, under color of [state law] . . . subjects, or causes
          to be subjected, any citizen of the United States . . . to the
5          deprivation of any rights, privileges, or immunities secured by the
          Constitution . . . shall be liable to the party injured in an action at
6          law, suit in equity, or other proper proceeding for redress.

7  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

8  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

9  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

10  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

11  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

12  omits to perform an act which he is legally required to do that causes the deprivation of which

13  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

14          Moreover, supervisory personnel are generally not liable under § 1983 for the

15  actions of their employees under a theory of respondeat superior and, therefore, when a named

16  defendant holds a supervisorial position, the causal link between him and the claimed

17  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

18  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

19  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

20  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

21  Cir. 1982).

22          In the present case, the named defendants are Karina Purcell, R.N. and Medical

23  Manager at the Solano County Jail; Sergeant Childers; Sergeant Campbell; Appeal Investigator

24  T. Norris; Lieutenant Bradford; Nurse Eloize; Medical Correction Officer Smith; Doctor

25  Sheppard; and Doctor Garcia.  Plaintiff alleges that all of the defendants are employees of the

26  Solano County Jail.

1    Plaintiff alleges he is an inmate "medically housed" at the Solano County Jail.

2  Plaintiff also alleges that defendants have discriminated against him, denied him equal treatment,

3  and subjected him to arbitrary and purposeless conditions and restrictions.  Plaintiff asserts is he

4  medically disabled, and each defendant has taken part in making and carrying out decisions

5  involving plaintiff's care in the infirmary.  Finally, plaintiff notes that he has filed grievances on

6  or around December 19, 2006, December 29, 2006, January 4, 2007, and January 5, 2007.

7    Plaintiff is seeking monetary and injunctive relief from the Solano County Jail, the

8  Solano County Sheriff's Department and Department Officials, the County of Solano, and the

9  State of California.

10    The allegations in plaintiff's complaint are so vague and conclusory that the court

11  is unable to determine whether the current action is frivolous or fails to state a claim for relief.

12  For example, plaintiff claims that defendants have discriminated against him, denied him equal

13  treatment, and subjected him to arbitrary and purposeless conditions and restrictions.  However,

14  plaintiff has not provided the court with any factual allegations support this claim.  In order to

15  state a cognizable Equal Protection claim, plaintiff must allege supporting facts, including who

16  discriminated against him, when and in what way.[1]  Because the complaint contains no such

17  factual allegations, the complaint does not contain a short and plain statement as required by Fed.

18  R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must

19  give fair notice to the defendants and must allege facts that support the elements of the claim

20  plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

21  /////

22

23    [1]  To prevail on an equal protection claim, plaintiff must allege and prove membership in
24  a suspect class, deprivation of a fundamental personal right, or enforcement of state laws or
   regulations in an arbitrary or invidiously discriminatory manner.  See Armendariz v. Penman, 75
   F.3d 1311, 1326 (9th Cir. 1996) (state action that does not implicate a fundamental right or a
25  suspect classification passes constitutional muster under the equal protection clause if it bears a
   rational relation to a legitimate state interest); McQuery v. Blodgett, 924 F.2d 829, 834-35 (9th
26  Cir. 1991); Lockary v. Kayfetz, 917 F.2d 1150, 1155 (9th Cir. 1990).

4

1    Plaintiff must allege with at least some degree of particularity overt acts which

2   defendants engaged in that support his claims.  Id.  There can be no liability under 42 U.S.C.

3   § 1983 unless there is some affirmative link or connection between a defendant's actions and the

4   claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167

5   (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Accordingly, plaintiff

6   must link each defendant's conduct to a violation of plaintiff's rights.  For example, plaintiff

7   names Karina Purcell, R.N., as a defendant in this action, but has not provided the court with any

8   specific allegations identifying acts engaged in by defendant Purcell.  Plaintiff should allege in

9   detail what conduct defendant Purcell engaged in, when defendant Purcell engaged in the

10  conduct, and how defendant Purcell's conduct violated plaintiff's federal constitutional or

11  statutory rights.  Plaintiff should provide similar allegations for each defendant.

12    Finally, plaintiff has not requested relief from the individual defendants listed in

13  the complaint.  Instead, plaintiff requests monetary and injunctive relief from presumably

14  defendants' employers.  However, the court can only grant plaintiff relief from the defendants

15  named in this action.  Accordingly, plaintiff should only name defendants from which he intends

16  to seek relief.

17    Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

18  8(a)(2), plaintiff's amended complaint must be dismissed.  The court will, however, grant leave

19  to file a second amended complaint.  Plaintiff is informed that the court cannot refer to a prior

20  pleading in order to make plaintiff's second amended complaint complete.  Local Rule 15-220

21  requires that an amended complaint be complete in itself without reference to any prior pleading.

22  This is because, as a general rule, an amended complaint supersedes the original and subsequent

23  complaints.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second

24  amended complaint, the original complaint and first amended complaint no longer serve any

25  function in the case.  Therefore, in plaintiff's second amended complaint, as in an original

26  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

1    In accordance with the above, IT IS HEREBY ORDERED that:

2        1.  Plaintiff's March 1, 2007 application to proceed in forma pauperis is granted.

3        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

4    The fee shall be collected and paid in accordance with this court's order to the Sheriff of the

5    Solano County Jail filed concurrently herewith.

6        3.  Plaintiff's March 1, 2007 amended complaint is dismissed.

7        4.  Plaintiff is granted thirty days from the date of service of this order to file a

8    second amended complaint that complies with the requirements of the Civil Rights Act, the

9    Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint

10   must bear the docket number assigned to this case and must be labeled "Second Amended

11   Complaint"; failure to file a second amended complaint in accordance with this order will result

12   in a recommendation that this action be dismissed without prejudice.

13   DATED: March 12, 2007.

14

15

16   DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

17   DAD:9
     buen0197.14a

18

19

20

21

22

23

24

25

26

6